THE STATE v. JAMES H. EVERITT AND OTHERS.

1. A *certiorari* in matter of public highway may be dismissed upon the hearing, as improvidently allowed or too tardily applied for, if that question has not been adjudicated upon.

2. Since the supplement to the road act of March 1, 1850, if a road is laid out by surveyors without adjudicating as to the damages which each land owner over whose land the road runs, not an applicant for the road, is entitled to, the whole proceeding is irregular, and will be set aside; and it is no excuse that the surveyors were ignorant of the law. *Semble*, that *some* assessment must be made in favor of each one of such owners. *Sed quere.*

This was a *certiorari* to remove the proceedings of surveyors of the highways of Mercer county, laying out a road in the township of West Windsor. The *certiorari* was prosecuted by R. M. Smith and B. Marlat, relators. The facts and reasons for reversal sufficiently appear in the opinion of the court.

Argued before NEVIUS and OGDEN, Justices.

*Beasley*, for plaintiffs ; *Hagerman*, for defendants.

OGDEN, J. It appears, by the return made to the writ of *certiorari* awarded in this case, that a public road was laid out by surveyors of the highways, in the township of West Windsor, in the county of Mercer. The surveyors met on the nineteenth of September, 1850, and proceeded to view the premises, and on the same day made their return laying out the road, as applied for. · It further appears that the road will occupy lands of the above named relators, who were not applicants for the road, and that the surveyors did not make any

assessment of damages in writing in favor of either of them, for the land so taken for the laying out of the road, nor take any proceeding under the act of March 1st, 1850, entitled, "A supplement to the act entitled, an act concerning roads."

It is admitted, by the counsel, that the surveyors were not aware that the act referred to was in operation, and also that the relators did not appear before them and claim damages.

The omission to assess, and to make an adjudication upon the assessment, is urged as a sufficient reason for setting aside the return of the road.

A preliminary question was argued, based upon the fact, that the return was made in September, 1850; the road thereby was ordered to be opened by the first of March, 1851, and the writ of *certiorari* was not applied for until November term, 1851.

It was contended that prejudice would result to the public from the delay in not making an earlier application for relief. The court will always exercise a proper discretion in withholding an opportunity of reviewing the proceedings of inferior tribunals, where they are satisfied that unwarrantable delay has been indulged in; and they may quash a writ for such cause upon the argument of the merits, if the matter is then for the first time brought to their notice. But I am not satisfied that the writ in this case should be quashed upon that ground.

No testimony has been taken upon the subject. The objection does not appear to have been made when the writ was applied for in open court, and if an opportunity had been afforded to the relators, they, perhaps, might satisfactorily have accounted for the delay. To presume against them at this stage of the case would be a surprise. It was averred, by counsel upon the one side, that the road has been opened, and bridges have been built in good faith, without any intimation having been given by the relators that they were dissatisfied; and, by the counsel upon the other side, that it was known from the coming in of the return that relief would be applied for, and that the parties interested had been negotiating an adjustment of the damages, with a view to save the expense

The State v. Everitt et al.

of a *certiorari* and inconvenience which might result from setting aside the return.

Under these circumstances, I should not feel justified in refusing to look into the merits of the question, as raised in the argument, touching the legality of the return of the surveyors.

The directions of the act of 1850 are peremptory. It imposes a new duty upon the surveyors, to be performed immediately after they lay out a road. It directs them to assess the damages which an owner of land or real estate (not an applicant for the road) will sustain by the laying out a public road ; and with their return of the road, also, to make a return of the assessments, certified in writing under their hands, particularly specifying the amount assessed in favor of the respective owners. In this case they have omitted this part of their duty altogether.

The reason of the neglect is admitted, but ignorance of the law excuses no one. Being of opinion that it is the duty of surveyors, under the recent act concerning roads, to adjudicate in writing upon the damages sustained by every owner of land (not an applicant) taken by laying out or altering a public road or highway, and to make *some* assessment in favor of *each* one of such owners, so that an appeal can lie, and to return the same to the court with the return of the road, the present return cannot, in my judgment, be sustained. The whole proceeding is an entirety, and it must stand or fall together.

Let the return be set aside, but, under the circumstances, without costs.

CITED *in Inhab. of Readington* v. *Dilley,* 4 *Zab.* 213 ; *State* v. *Bennett,* 1 *Dutch.* 330 ; *State* v. *Water Comm'rs J. C.,* 1 *Vr.* 250 ; *State* v. *Mayor, &c., of Newark, Id.* 306 ; *State* v. *Blauvelt,* 5 *Vr.* 263 ; *State* v. *Trenton,* 7 *Vr.* 506 ; *State* v. *Pierson,* 8 *Vr.* 368. '